```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


JEFFREY SCOTT HANCOCK,          :
                                :
     Petitioner,                :
                                :
vs.                             :      CIVIL ACTION 14-0579-CB-M
                                :
KENNETH JONES,                  :
                                :
     Respondent.                :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner Jeffrey Scott Hancock, pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

1

Petitioner was convicted of two counts of felony murder and one count of bringing stolen property into Alabama in the Baldwin County Circuit Court on March 16, 1997 for which he received two life sentences and a sentence of ten years, respectively, to be served consecutively in the state penitentiary (Doc. 6, p. 2; Doc. 11, pp. 2-3).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 11, Exhibit 1).  An application for rehearing to the Criminal Appeals Court and a petition for *certiorari* were both denied; the certificate of final judgment was entered on December 30, 1999 (*see* Doc. 11, p. 3; *cf.* Doc. 6, pp. 3-4).

Petitioner filed a Rule 32 petition on December 6, 2001 (*see* Doc. 11, p. 3).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the decision (Doc. 11, Exhibit 2).  A certificate of judgment was entered on April 5, 2006 (Doc. 11, Exhibit 3).

Hancock filed a second Rule 32 petition on January 26, 2011 that was summarily dismissed (*see* Doc. 11, p. 4; *cf.* Doc. 6, p. 4).  The Alabama Court of Criminal Appeals affirmed the lower court decision, finding that this was a successive petition and that it had been improperly filed (Doc. 11, Exhibit 8).  An application for rehearing was denied (Doc. 11, Exhibit 9) as was Hancock's petition for *certiorari* (Doc. 11, Exhibit 10).  A

certificate of Judgment was entered on February 14, 2014 (Doc. 11, Exhibit 11).

Petitioner filed a complaint with this Court on December 11, 2014[1] raising the following single claim:  One of the jury-members at his trial was threatened, causing her to change her vote to guilty (Doc. 6).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 11, pp. 5-8).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

---

[1] This action was initiated on December 11, 2014 when Petitioner filed a pleading indicating a desire to seek habeas corpus relief (Doc. 1).  Petitioner was Ordered to file a petition on this Court's form that ultimately became his complaint (*see* Docs. 3-6).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review.  *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

Petitioner's conviction became final on December 30, 1999, the date the certificate of judgment was entered (*see* Doc. 11, p. 3; *cf.* Doc. 6, pp. 3-4).

Petitioner's habeas corpus petition was not filed in this Court until December 11, 2014, nearly fourteen years after the limitations period had expired.  Petitioner had filed a Rule 32 petition in State court on December 6, 2001, nearly a year after the limitations period had expired.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Petitioner's Rule 32 petition was filed too late to toll the statute.

4

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner Jeffrey Scott Hancock pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural

grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Hancock has not brought this action in a timely manner, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that he should be allowed to proceed. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent,

Kenneth Jones, and against Petitioner, Jeffrey Scott Hancock.

NOTICE OF RIGHT TO FILE OBJECTIONS

    A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 15th day of June, 2015.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE